# United States District Court
# Central District of California

| | |
|---|---|
| GLENN DANZIG, an individual; and EVILIVE MUSIC, LLC, a California limited liability company,<br><br>       Plaintiffs,<br><br>     v.<br><br>THE END RECORDS, INC., a New York Corporation and DOES 1-10,<br><br>       Defendant. | Case No: 2:18-CV-05936-ODW(JCx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [8] AND DENYING DEFENDANT'S MOTION TO TRANSFER [9]** |

## I.   INTRODUCTION

Pending before the Court are Plaintiffs Glenn Danzig and Evilive Music, LLC's ("Plaintiffs") Motion to Remand and Defendant The End Records, Inc.'s ("Defendant") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES as moot** Defendant's Motion to Transfer Venue. [1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an alleged breach of a music distribution agreement between Plaintiff Evilive Music, LLC and Defendant The End Records, Inc.  Plaintiff Evilive Music, LLC is Plaintiff Glenn Danzig's wholly-owned record label.

On January 24, 2014, Plaintiffs originally filed suit in Los Angeles Superior Court, styled *Glenn Danzig et al. v. The End Records, LLC*,[2] Case No. BC534235 (hereinafter, the "First State Court Action").  (Mot. to Remand 4–5, ECF No. 8.)  On February 12, 2014, after learning that the correct name of the defendant was The End Records, Inc., a New York Corporation, Plaintiffs amended their complaint by substituting The End Records, Inc. for The End Records, LLC.  (*Id.* at 5.)  On February 27, 2014, Defendant removed the case to federal court.  (*Id.*)  On April 9, 2016, after settlement discussions, the parties agreed to dismiss the First State Court Action without prejudice.  (*Id.*)  However, the proposed settlement agreement fell apart.  (*Id.*)

On July 8, 2016, Plaintiffs refiled their original complaint, adding an allegation related to the parties' failed settlement agreement, in Los Angeles Superior Court, styled *Glenn Danzig et al. v. The End Records, LLC*, Case No. BC626555 (hereinafter, the "Second State Court Action").  (*Id.*)  The parties litigated this action in Los Angeles Superior Court for nearly two years before realizing that the complaint named the incorrect defendant, The End Records, LLC instead of The End Records, Inc.  (*Id.* at 6–7.)  In numerous exchanges between the parties, while the defendant was still listed as The End Records, LLC, counsel for Defendant often referred to themselves as "Attorneys for Defendant The End Records, Inc."  (*Id.* at 5–6.)  This included the answer to the complaint in the Second State Court Action, discovery propounded on Plaintiffs, the joint stipulation entered between the parties, and Defendant's section 998 offer to compromise.  (*Id.*)

---

[2] The parties agree that "The End Records, LLC" is a now defunct California limited liability company.

On July 6, 2018, Plaintiffs applied ex parte to amend the complaint to substitute The End Records, Inc. for The End Records, LLC. (*Id.* at 6–7.) On the same day, instead of opposing the ex parte application, Defendant submitted on the court's tentative ruling granting the amendment, and then filed a Notice of Removal, removing the case to this Court. (*Id.*) A bench trial in the Second State Court Action was set for July 10, 2018. (*Id.* at 6.)

Subsequently, on July 31, 2018, Plaintiffs filed their Motion to Remand and on August 27, 2018, Defendant filed its Motion to Transfer. These motions are now before the Court for decision.

## III.   LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have original jurisdiction over the action, either on the basis of a federal question or diversity of the parties. 28 U.S.C. § 1441. However, it is "presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Courts strictly construe the removal statute against removal jurisdiction and there is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper," and that a court resolves all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted). A plaintiff objecting to removal may move for remand due to lack of subject matter jurisdiction or another defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c).

No case may be removed from state to federal court based on diversity of citizenship "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The one-year deadline serves "as a

means of reducing the opportunity for removal after substantial progress has been made in state court." H.R. Rep. No. 100-889, at 72 (1988). This "curtailment in access to diversity jurisdiction" is necessary to avoid "substantial delay and disruption" in state court proceedings. *Id.* Section 1446 expresses Congress's "opinion that a diversity case which has been before a state court for more than one year should stay there." *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1470 (C.D. Cal. 1989).

## IV. DISCUSSION

### A. Motion to Remand to Los Angeles Superior Court

Defendant removed this case pursuant to 28 U.S.C. §§ 1446(b)(3) and (c)(1) on the basis that Plaintiffs acted in bad faith to prevent Defendant from removing the action. (Notice of Removal 2, ECF No. 1.) However, Defendant's attempt to effect removal more than one year after this case was commenced in state court is untimely pursuant to 28 U.S.C. § 1446(c)(1). As such, unless Defendant can establish that Plaintiffs acted in bad faith, Defendant's untimely removal was improper.

Defendant, relying on *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998), argues that the one-year limit on removal did not apply in this case. (Opp'n to Mot. to Remand 11, ECF No. 11.) Defendant has found the correct case, but failed to read it. Section 1446 provides "two thirty-day windows during which a case may be removed–during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable.'" *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)). Specifically, § 1446(b)(1) applies to cases that are initially removable, and § 1446(b)(3) applies to cases that become removable. *Markham v. Home Depot USA, Inc.*, No. CV 13-8431-GHK, 2014 WL 117102, at *2 (C.D. Cal. Jan. 10, 2014). *Ritchey* stands for the proposition that 28 U.S.C. § 1446(c)(1)'s one-year deadline applies to cases that become removable; where Defendant removes the case pursuant

to 28 U.S.C. § 1446(b)(3). *Ritchey*, 139 F.3d at 1316 (finding that the one-year limitation applies "if the case only becomes removable sometime after the initial commencement of the action").

Here, Defendant removed the case pursuant to § 1446(b)(3), and as such, the one-year limit applies. (*See* Notice of Removal 2.) Accordingly, the Court must address whether Plaintiffs acted in bad faith to prevent Defendant from removing the case.

The parties have known since the First State Court Action that the proper party was The End Records, Inc. As Defendant points out, "The End Records, LLC was not a party to the underlying music distribution agreement and had been defunct for *years* prior to the distribution agreement." (Notice of Removal 2) (emphasis in original.) At some point, Plaintiffs learned of this fact and corrected the complaint in the First State Court Action to name Defendant The End Records, Inc. For one reason or another, the correct party was not identified when the Second State Court Action was filed. However, the parties proceeded with nearly two years of litigation with knowledge of the correct defendant. In fact, since the First State Court Action was filed (including the amendment to name the correct party and the subsequent filing of the Second State Court Action), the attorneys remained the same. On the eve of trial, Plaintiffs filed an ex parte application to amend the complaint to name the correct defendant, The End Records, Inc. Although trial was set to proceed on July 10, 2018, instead of opposing the ex parte application, Defendant submitted to the court's tentative ruling, and then filed a notice of removal. Although the Court finds that both parties were careless and irresponsible while proceeding through the Second State Court Action without naming the correct party, the Court finds that Plaintiffs did not act in bad faith.

Defendant's position that it could not have removed the case prior to "Plaintiffs' eleventh-hour amendment of the complaint" is without merit. (*See* Opp'n to Mot. to Remand 12.) First, Defendant previously removed the case in the First State Court Action. Plaintiffs and Defendant knew that The End Records, Inc. was the

proper party to case.  Defendant even acknowledged that it knew The End Records, LLC was not the proper party because it was not a party to the underlying music distribution agreement and had been defunct for year.  (Notice of Removal 2.) Second, despite Defendant's assertion to the contrary, Defendant was well-aware that the amount in controversy was over $75,000.00 because it previously removed the case and the complaint in the Second State Court Action explicitly alleged damages in excess of $250,000.00.  (Decl. of Stephen D. Rothschild Ex. 1, at ¶ 13, ECF No. 8-1.) Third and finally, Defendant has been aware since 2014 that it was the "real party defendant in interest," with authority to remove the state court action to federal court. *See La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96 (2d Cir. 2014); *Gebran v. Wells Fargo Bank, N.A.*, No. CV 16-07616-BRO-MRWx, 2016 WL 7471292, at *3 (C.D. Cal. Dec. 28, 2016).  However, Defendant allowed litigation to proceed for nearly two years, and instead of taking the case to trial, removed the case to this Court.

In line with Congress's intent that a diversity case that has been before a state court for more than one year should stay there, the Court remands this case back to the superior court.  As such, Defendant's Motion to Transfer Venue is moot.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES as moot** Defendant's Motion to Transfer Venue.  It is hereby ordered that this action is **REMANDED** to the Superior Court of California, County of Los Angeles, Case No. BC626555.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

October 4, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**